UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Leila Cruz McCoy

    v.                                   Case No. 22-cv-214-SM

U.S. Department of Health and
Human Services, U.S. Department
of Housing and Urban Development,
U.S. Department of Agriculture

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Leila Cruz McCoy's complaint (Doc. No. 1), which she filed in forma pauperis, naming various agencies and agency employees as defendants.[1]  The matter is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The court may dismiss claims asserted by a plaintiff who is proceeding in forma pauperis, if: the court lacks subject matter

---

[1] The complaint names three federal agencies as defendants (U.S. Department of Health and Human Services ("HHS"), U.S. Department of Housing and Urban Development ("HUD"), and U.S. Department of Agriculture ("USDA")).  Within the complaint, Ms. McCoy appears to consider the "CA Dept of Social Services" and the "CO Dept of Social Services" to be parties, although she characterizes them as HHS field offices.  And she lists the following individuals at the end of the complaint as the "persons involved": "HUD: Marcia Fudge, Charlotte Boyd, Deborah Manigault, Logan Brown, Lacy Byrne"; "USDA Civil Rights Office Denver/San Francisco, Tom Vilsack"; and "[HHS]: Andrea Olivery."

jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2).  To determine whether to dismiss for failure to state a claim, the court strips away legal conclusions, takes as true the factual content in the complaint, as a whole, and the inferences reasonably drawn from those facts, and considers whether the plaintiff has stated a claim that is plausible on its face.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Ms. McCoy, who reports a mailing address in Missouri and a residential address in New Hampshire, receives Supplemental Security Income ("SSI") because she is blind.  In the complaint she asserts that her disabilities also include congestive heart failure, diabetes, and a mobility impairment.  She has filed as an exhibit to her complaint a June 13, 2022 letter from the Social Security Administration (posted to an address in California), indicating that her SSI benefit had been reduced because of an overpayment.

Ms. McCoy asserts that at some unspecified time between October 31, 2015 and June 14, 2022, defendants discriminated against her "on the basis of race, religion, national origin, disability, and family status," and that they violated her federal rights, and the rights of her children, with respect to the "administration of federal food, housing, cash and medical assistance programs."  She asserts that defendants have also compromised her safety and the safety of her children by disclosing their "birth identities," which she asserts had been sealed.  And she asserts that the formats of defendants' "websites, forms, publications, and communications" do not allow the "blind, disabled and elderly" to understand what they say.

Ms. McCoy further asserts that defendants subjected her to abuse, harassment, and retaliatory acts when she requested accommodations and assistance for her disabilities and for her children's disabilities.  She asserts that when she "or her relatives" filed civil rights and disability rights complaints against the agencies, they "weaponized the local courts and police" by subjecting her to "false arrest" and "malicious prosecution" and by "remov[ing] custody of the children."  In particular, she asserts that on two occasions when she filed "ADA reconsideration appeals, fair housing settlement complaint and or [sic] requested state hearings to oppose adverse agency actions against [her] and her children," unspecified defendants

3

"had [her] children removed from her care . . . or had her arrested . . . and charged her with crimes defendants knew it was physically impossible for [her] to commit given her disabilities and dependence on others such as her case workers to help her fill out forms as the defendants have no accessible forms, applications nor publications for the sensory impaired or handicapped who need to use their voice to fill out forms."

Ms. McCoy states that she "repeatedly asked Defendants and their local offices to work with blindness professionals, screen reader/adaptive software manufacturers, assistive technology programs and to use US Postal Service free matter for the blind," but "Defendants refused to use these resources to resolve the ADA and civil rights complaints." She further alleges that such services are provided to noncitizens seeking assistance but were denied to her, because of her U.S. citizenship. She also claims that she was denied due process and necessary accommodations in agency administrative proceedings.

Ms. McCoy lists the following statutes as providing causes of action for her claims: the federal constitution; 42 U.S.C. § 1983; the Violence against Women Act ("VAWA"); the Federal Fair Housing Act ("FHA"); the Americans with Disabilities Act ("ADA"); and the Rehabilitation Act. She has named three federal agencies as defendants (HHS, HUD, and the USDA), and, in

4

the complaint narrative, she has listed two state agencies or HHS field offices, as well as seven agency employees, as "persons involved."  She seeks damages.

## Discussion

### I. Children's Claims

Ms. McCoy asserts that defendants have violated the federal rights of her children, as well as her own civil rights.  In general, non-attorney parents cannot litigate their children's claims in federal court in a representative capacity, without having counsel appear to represent them.  See Katz v. McVeigh, 2013 DNH 37, 931 F. Supp. 2d 311, 333 (D.N.H. 2013).  Ms. McCoy has not pleaded any facts suggesting that she is an attorney.  Accordingly, the district judge should dismiss, without prejudice, the claims she has asserted on behalf of her children.

### II. Constitutional Claims

Ms. McCoy names three federal agencies as defendants, asserting that they have violated her rights to equal protection and due process, and she seeks an award of damages.  A plaintiff, however, "cannot bring a constitutional claim for damages against a federal agency."  Every v. VA, No. 15-cv-177-LM, 2016 DNH 006, 2016 U.S. Dist. LEXIS 2414, at *4 n.3,

5

2016 WL 107947, at *1 n.3 (D.N.H. Jan. 8, 2016) (citing FDIC v. Meyer, 510 U.S. 471, 484-86 (1994)).  Accordingly, the district judge should dismiss Ms. McCoy's federal constitutional claims for damages asserted against HUD, HHS, and the USDA.

III. Eleventh Amendment

Ms. McCoy lists the California and Colorado Departments of Health and Human Services as parties.  Although she characterizes them as HHS field offices, if they are state agencies, the Eleventh Amendment would shield them from liability here.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).  Accordingly, to the extent that state agencies are named as defendants, the district judge should dismiss Ms. McCoy's claims against them as barred by the Eleventh Amendment.

IV. VAWA

Ms. McCoy cites VAWA as providing her with a statutory cause of action.  VAWA does not create a private right of action. Gibbs v. N.H. Dep't of Corr. Comm'r, 2021 DNH 133, 561 F. Supp. 3d 139, 150 (D.N.H. 2021).  Accordingly, the district judge should dismiss all of Ms. McCoy's claims asserted under VAWA.

V.   ADA

Ms. McCoy cites the ADA as providing a cause of action for her claims. The federal government, its agencies, and employees, however, are excluded from liability under the ADA. See Feliciano-Hill v. Principi, 439 F.3d 18, 22 n.1 (1st Cir. 2006). Accordingly, the district judge should dismiss all of Ms. McCoy's ADA claims asserted against the federal defendants.

VI.  Section 1983

Ms. McCoy cites 42 U.S.C. § 1983 as providing a cause of action for her claims. That statute provides a cause of action to a person whose federal rights have been violated by defendants acting under color of state law. Except for any state agencies or offices identified in the complaint narrative (which would otherwise be shielded from liability by the Eleventh Amendment), the remaining defendants appear to be federal agencies or federal employees. Nothing alleged in the complaint suggests that any of the federal defendants have taken any action violating her rights under color of state law. The district judge should dismiss all § 1983 claims against the federal agencies and their employees.

VII. <u>Rule 8(a)(2) of the Federal Rules of Civil Procedure</u>

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

Stripped of legal conclusions, the Complaint asserts that at some point within a seven-year period, Ms. McCoy asked the USDA, HHS, or HUD for an accommodation for her blindness, with respect to the agencies' administrative proceedings, websites, forms, or other communications, and her request was denied. And, more than once, she lost the custody of her children, or was arrested and prosecuted for crimes she says she did not commit, in retaliation for her actions, or her relatives' actions, in seeking a hearing, reconsideration, or an appeal with respect to a denial of federal housing assistance, food or cash assistance, or medical assistance. She provides no specific names, dates, locations, or conduct attributable to any agency or individual listed in the complaint, for the events and circumstances which she says underlie her claims.

The lack of specificity in her complaint as to who did what to her, when, and where, renders her claims susceptible of

dismissal because of her non-compliance with Rule 8(a)(2).  Her complaint does not provide sufficient information regarding those issues to allow defendants to respond.  See Educadores Puertorriqueños en Accion v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) ("in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why -- although why . . . mean[ing] the actor's state of mind, can be averred generally").[2]

---

[2] In the last two years, Ms. McCoy has filed federal cases in Colorado and California against an overlapping set of defendants, resembling her case here.  See, e.g., McCoy v. Newsom, No. 3:20-cv-1570-TWR-BGS (S.D. Cal., filed Aug. 14, 2020) ("McCoy I"); McCoy v. Colo. Dep't of Human Servs., No. 1:20-cv-2290-LTB-GPG (D. Colo., filed Nov. 16, 2020) ("McCoy II"); McCoy v. HUD, No. 8:21-cv-583-JAK-JPR ("McCoy III") (C.D. Cal., filed Mar. 29, 2021).  The McCoy I court, noting the generality of Ms. McCoy's allegations, concluded that she failed to state a claim upon which relief could be granted, then granted her leave to file an amended complaint, before dismissing without prejudice for failure to prosecute.  See May 24, 2021 Order, McCoy I (S.D. Cal. May 24, 2021) (ECF No. 15). The McCoy II court noted the vague and conclusory nature of her claims and the lack of specificity in her pleadings, before dismissing without prejudice for failure to prosecute and failure to comply with the court's orders.  See Mar. 11, 2021 R&R (ECF No. 27) & Mar. 31, 2021 Order, McCoy II (D. Colo. Mar. 11 & Mar. 31, 2021) (ECF No. 28).  The McCoy III court similarly found that her complaint lacked the information required by Rule 8(a)(2) and dismissed her complaint with leave to amend, before dismissing for failure to prosecute.  See Aug. 6, 2021 Order, McCoy III (C.D. Cal. Aug. 6, 2021) (ECF No. 7); see also McCoy III, 2021 U.S. Dist. LEXIS 197486, at *3, 2021 WL 4776061, at *1 (C.D. Cal. Oct. 13, 2021).

In the Order issued this date, the court has directed Ms. McCoy to file an amended complaint within thirty days, to render the complaint compliant with Rule 8(a)(2). If Ms. McCoy fails to file an amended complaint as directed, this action may be dismissed without prejudice.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that:

1. Ms. McCoy's claims asserting violations of her children's rights should be dismissed without prejudice to their ability to refile their own claims through counsel.

2. Ms. McCoy's claims for damages for violations of her federal constitutional rights should be dismissed, to the extent they are asserted against the USDA, HUD, or HHS.

3. Ms. McCoy's claims against the California and Colorado Departments of Social Services should be dismissed as barred by the Eleventh Amendment, to the extent those parties are state agencies.

4. Ms. McCoy's VAWA claims should be dismissed.

5. Ms. McCoy's ADA claims should be dismissed, to the extent they are asserted against the USDA, HUD, HHS, or any federal employees.

      6.   Ms. McCoy's § 1983 claims should be dismissed, to the extent they are asserted against the USDA, HUD, HHS, or any federal employees.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

November 1, 2022

cc: Leila Cruz McCoy, pro se